### EMPLOYEE INJURED IN ELEVATOR.

Circuit Court of Cuyahoga County.

FRED INMORE v. THE SCHOFIELD COMPANY.

Decided, November 27, 1911.

*Elevator Accident—Sudden Starting Due to Negligence of Fellow-Servant, or Intruder—No Liability of Owner.*

There can be no recovery by a fireman in a business building who was injured when he stepped off an elevator in the building by its sudden starting, he having operated the elevator himself, with knowledge that other employees were permitted to do the same thing, no defect in the construction or operation being shown and the only reasonable explanation of the accident being that some other employee, or fellow-servant, or some intruder upon the premises, started the elevator without warning.

*Gaughan & Collins,* for plaintiff in error.
*Ford, Snyder & Tilden,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff was in the employ of the defendant as a fireman in a large business block in this city. His duties were in the basement of the building, and were performed at night. On the morning of the 20th of December, 1907, at 6 o'clock, when he had completed his work for the night, and was ready to leave the building, he stepped into an elevator which was standing on the basement floor, and himself operated the elevator, raising it, with him on it, to the ground floor. Having reached the level of the ground floor, he started to step out of the elevator, when it started upward, he being partly out of it, and caught him between the floor of the elevator and the next floor above the building, in such wise that he was seriously injured.

The evidence introduced on the part of the plaintiff showed that this elevator was one which the various employees in the building were accustomed to run up and down, each for himself as he had occasion to use it; that because of that fact, the plaintiff used it; that he had knowledge that the other employees in the building were accustomed to use it as he did. No notice was given to him that somebody else was going to use it at the time he undertook to step off. The elevator was in perfect condition; there were at least two other employees of the company about the building; one was the night watchman. The probability would seem to be, though there is nothing certain about it, that one of these men started the elevator as the plaintiff was stepping from it. If so, he was a fellow-servant with the plaintiff, and this would bar a recovery in the action.

As already said, the plaintiff knew that the various employees were accustomed to use this elevator as they had occasion to use it. Knowing this, he chose to use it, and did use it, and was injured, not because of any improper construction or condition of the elevator itself, but because of some reason other than improper construction or improper condition of the elevator. What that something was is a matter of conjecture, but as already said, the probabilities are that one of the other employees, who were known by the plaintiff to be about the building at the time, started it. If not, it would seem as though it must have

been some intruder upon the premises, who was there without any permission or license from the employer. In either event the plaintiff would not be entitled to recover.

At the close of the plaintiff's evidence, the court directed a verdict for the defendant, and the judgment is affirmed.